929 F.2d 694
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Koy Clifton BOARD, Defendant-Appellant.
 No. 90-5850.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 8, 1991.
Decided April 5, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (CR-90-45-02-R)
 Gary M. Bowman, Martin, Hopkins, Lemon & Edwards, Roanoke, Va., for appellant.
 E. Montgomery Tucker, United States Attorney, Ray B. Fitzgerald, Jr., Assistant United States Attorney, Roanoke, Va., for appellee.
 W.D.Va.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Koy Clifton Board appeals from a jury verdict which found him guilty of possession of crack cocaine with intent to distribute. We affirm.
 
 
 2
 Roanoke police officers stopped Board and others in the Roanoke airport after they arrived on a plane from New York City. The officers stopped the group of passengers because the officers' observations corroborated information they had received from an anonymous caller. Two officers followed Board as he walked through the terminal and exited to an airport limousine. As Board entered the vehicle, one officer asked to speak with him. The officer informed Board that he had information that he was carrying crack cocaine and asked if he could search his luggage. Board consented to the search; the officer did not find any cocaine in the bag.
 
 
 3
 The officer then asked Board if he could search his person. Both police officers who were present testified in a suppression hearing that Board consented to the search of his person. The officer noticed a bulge in Board's jacket pocket and removed bags containing crack. Board implied that because of the way the police officers were standing and because he was standing against the limousine, the circumstances of the search of his person were coercive.
 
 
 4
 At the suppression hearing, the district court found that Board was "free to go at all times" during his encounter with the police officers. The court found "that the search was with the consent of Mr. Board, that Mr. Board was free to go, that he consented to the search" and then denied the motion to suppress.
 
 
 5
 The district court's determination that a defendant voluntarily consented to a search is a finding of fact that should be upheld on appeal unless it is clearly erroneous. United States v. Wilson, 895 F.2d 168, 172 (4th Cir.1990); United States v. Hummer, 916 F.2d 186 (4th Cir.1990). Since the record adequately supports the district court's finding that Board's consent to the search was voluntary, we find that that determination is not clearly erroneous.
 
 
 6
 Board argues that his consent to the search was involuntary because he was detained by the police and could not have moved away from them if he desired; he asserted that the policemen had pinned him against the doorway of the car when they searched his person. The district court's finding, however, that Board was "free to go at all times" during the encounter is adequately supported by the record. Board also contends that his consent was involuntary because the police did not inform him that he could refuse consent to the search. Proof of knowledge of a right to refuse consent is not necessary in determining effective consent to a search. Wilson, 895 F.2d at 172. Finally, Board asserts that his consent to a search of his person when he knew he had cocaine in his possession is evidence that his consent was coerced. But whether consent was wise or unwise is irrelevant to the determination of voluntariness of consent.
 
 
 7
 Board also asserts on appeal that the failure of the police officers to inform him that he had the right to refuse consent violated his right to procedural due process. The Constitution does not require "proof of knowledge of a right to refuse as the sine qua non of an effective consent to a search." Wilson, 895 F.2d at 172 (4th Cir.1990), quoting United States v. Mendenhall, 446 U.S. 544, 558 (1980).
 
 
 8
 For the foregoing reasons, we affirm Board's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.